## IN THE UNITED STATES COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE ST. JOE COMPANY, | ) <br> ) <br> ) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) On removal from the Superior Court of the |
| v. | ) State of Delaware in and |
| | ) for New Castle County |
| HALLIBURTON ENERGY SERVICES, INC., | ) Civil Action No. 10C-08-032 PLA |
| | ) |
| Defendant. | ) JURY DEMANDED |
| | ) <br> ) |

**DEFENDANT'S, HALLIBURTON ENERGY SERVICES, INC., NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE COURT:

Pursuant to 28 U.S.C. §§ 1331, 1441 (a)-(b) and 1446, Defendant, Halliburton Energy Services, Inc. (hereinafter "HESI"), hereby gives notice of its removal of this case from the Superior Court of the State of Delaware in and for New Castle County to the United States District Court for the District of Delaware. HESI makes the following statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a):

1.  Plaintiff commenced this action on August 4, 2010, by filing a Complaint and Jury Demand (hereinafter the "Complaint") in Civil Action No. N10C-08-032 PLA, styled *The St. Joe Company v. Halliburton Energy Services, Inc.*, in the Superior Court of the State of Delaware in and for New Castle County (hereinafter the "State Court Action"). HESI attaches a true and correct copy of the Complaint in the State Court Action to this notice as Exhibit A.[1]

2.  HESI is the sole named defendant in the State Court Action.

---

[1] HESI attaches a true and correct copy of all other process, pleadings and orders served on HESI in the State Court Action to this notice as Exhibit B. *See* 28 U.S.C. § 1446(a).

3. HESI accepted service of the Complaint on August 10, 2010, through its duly appointed counsel.

4. HESI timely files this notice within 30 days after its counsel accepted service of the Complaint setting forth the claims for relief upon which the action is based. *See* 28 U.S.C. § 1446(b).

**A.    Plaintiff's Complaint**

5. Plaintiff's Complaint alleges theories of liability and damages that are founded upon claims or rights arising under the laws of the United States. *See* 28 U.S.C. §§ 1331, 1441(b). Specifically, Plaintiff's Complaint makes factual allegations and asserts liability and damage theories that "arise out of" the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* (hereinafter the "OPA"), and that "arise out of, or are in connection with," the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.* (hereinafter "OCSLA").[2]

**B.    Grounds for Removal**

**1)    The Oil Pollution Act**

6. This case is properly removed because this Court has federal question jurisdiction under the OPA over the claims alleged in the Complaint. *See* 33 U.S.C. § 2717(b). Congress enacted the OPA in the wake of the Exxon Valdez oil spill to provide a prompt, federally-coordinated response to oil spills in the navigable waters of the United States and to compensate innocent victims. *Gatlin Oil Co. v. United States*, 169 F.3d 207, 209 (4th Cir. 1999). The OPA provides a comprehensive statutory framework for parties claiming damages caused by oil spills in navigable waters. *See* 33 U.S.C. § 2701, *et seq*.

---

[2] Plaintiff may contend that the Complaint alleges state law claims, but the allegations in the Complaint make clear that Plaintiff brings this suit based upon claims or rights that arise under the laws of the United States. 28 U.S.C. §§ 1331, 1441(b).

7.      The OPA preempts certain claims pleaded by Plaintiff that seek recovery of damages that are recoverable exclusively under the OPA. *South Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 234 F.3d 58, 65 (1st Cir. 2000) ("Congress intended the OPA to be the exclusive federal law governing oil spills."); *Gabarick v. Laurin Mar. (America) Inc.*, 623 F. Supp. 2d 741, 750-51 (E.D. La. 2009) ("This Court finds . . . that OPA preempts general maritime law claims that are recoverable under OPA."); *Tanguis v. M/V WESTCHESTER*, 153 F. Supp. 2d 859, 867 (E.D. La. 2001) (stating that the OPA "represents Congress's attempt to provide a comprehensive framework in the area of marine oil pollution.") (citing *Rice v. Harken Exploration Co.*, 89 F. Supp. 2d 820, 822 (N.D. Tex. 1999)); *see also United States v. Bodenger*, No. 03-272, 2003 U.S. Dist. LEXIS 16987, at *5-6 (E.D. La. Sept. 26, 2003) (noting that the OPA "established a comprehensive Federal oil spill response and liability legislative framework"); *National Shipping Co. of Saudi Arabia (NSCSA) v. Moran Mid-Atlantic Corp.*, 924 F. Supp. 1436 (E.D. Va. 1996) ("First, OPA clearly preempts maritime law as to recovery of cleanup expenses and the cost of compensating injured persons.").

8.      The Complaint seeks damages for physical damage to Plaintiff's real estate and business, diminution in the value of its properties, inability to rent properties owned or managed, loss of business, loss of profits, destruction of enterprise value, and lost profits and impairment of earning capacity due to damages to real property and natural resources, damages preempted by the OPA. (Complaint at ¶¶ 118-121, 126-28, 133-35). The Complaint seeks recovery of damages caused by an "oil spill" resulting in "environmental and economic devastation." (Complaint at ¶¶ 1, 3, 6, 7, 8, 41, 94, 99, 101, 103, 112, 113, 114, 118, 119, 120, 121, 127-28, 134-35, 140-41). These damages fall squarely within the types of damages that Congress intended to be recoverable exclusively under the OPA, and therefore Plaintiff's claims arise

under the Act.  *See* 33 U.S.C. §§ 2702(b), 2717(b).  Because the Complaint asserts claims and rights that arise under the laws of the United States, specifically the OPA, HESI properly removes the State Court Action to this Court under its federal question jurisdiction.  *See* 28 U.S.C. §§ 1331, 1441(b).

**2)     The Outer Continental Shelf Lands Act**

9.      In addition, or in the alternative, HESI properly removes this case because this Court has federal question jurisdiction over the State Court Action pursuant to OCSLA.  43 U.S.C. § 1331, *et seq*.  OCSLA provides that the "district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves the exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf . . . ."  43 U.S.C. § 1349(b)(1)(A).

10.     OCSLA provides federal question jurisdiction for any case or controversy arising out of or in connection with oil and mineral operations conducted on the Continental Shelf, including the exploration, development, or production of minerals.  *Id.*; *Texaco Exploration & Prod., Inc. v. AmClyde Engineered Prods. Co.*, 448 F.3d 760, 768-70 (5th Cir. 2006) (stating that § 1349(b)(1)'s grant of jurisdiction is "broad" and that it "covers a wide range of activity").  OCSLA's broad jurisdictional coverage results from the statutory definitions of § 1349(b)(1)'s terms "exploration, development, or production,"[3] which define the scope of § 1349(b)(1)'s term

---

[3] OCSLA defines "exploration" as the "process of searching for minerals, including . . . any drilling . . . including the drilling of a well in which a discovery of oil or natural gas in paying quantities is made[.]"  43 U.S.C. § 1331(k).  OCSLA defines "minerals" as including "oil, gas, sulphur, geopressured-geothermal and associated resources."  43 U.S.C. § 1331(q).  OCSLA defines "development" as "those activities which take place following discovery of minerals in paying quantities, including . . . drilling[.]"  43 U.S.C. § 1331(l).

"operations." *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 568-69 (5th Cir. 1994); *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988).

11.     In 1978, Congress broadened OCSLA's coverage to accommodate expanding offshore technology and to make "clear that Federal law is to be applicable to all activities on all devices in contact with the seabed for exploration, development, and production." H.R. REP. 95-590, at 128 (1977), *reprinted in* 1978 U.S.C.C.A.N. 1450, 1534.

12.     For OCSLA to apply to an action, the plaintiff need not specifically assert any claims under OCSLA in the complaint. *Nase v. Teco Energy Inc.*, 347 F. Supp. 2d 313, 317 (E.D. La. 2004) (citing *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154-55 (5th Cir. 1996)). Rather, OCSLA governs if the complaint satisfies its statutory requirements. *Nase*, 347 F. Supp. 2d at 317.

13.     Plaintiff's allegations arise out of or are in connection with oil and mineral operations conducted on the outer Continental Shelf, including the exploration, development, or production of minerals. *See* 43 U.S.C. § 1349(b)(1)(A); *Texaco Exploration & Prod.*, 448 F.3d at 768-70. The Complaint concedes that the Macondo Prospect was located on the outer Continental Shelf, and alleges that HESI owed Plaintiff a duty of care with respect to drilling operations conducted on the outer Continental Shelf, that HESI breached that duty by, among other things, violating federal regulations enacted under the authority granted by OCSLA pertaining to cementing offshore wells, and that it suffered damages as a result of the alleged breaches and oil spill. (Complaint at ¶¶ 37, 65, 86-87). Because the Complaint asserts claims and rights arising under the laws of the United States, this case is removable under OCSLA. *See* 28 U.S.C. §§ 1331, 1441(b).

**C.     Venue**

14.     Venue is proper in this Court because this district and division encompass the Superior Court of the State of Delaware in and for New Castle County.  *See* 28 U.S.C. § 1441(a).

**D.     Notice of Removal to State Court and to Plaintiff**

15.     Pursuant to 28 U.S.C. § 1446(d), HESI is filing a written notice and copy of this Notice of Removal with the Superior Court of the State of Delaware in and for New Castle County.  HESI is hand-delivering a copy of this Notice of Removal to Plaintiff's Delaware counsel and is mailing a copy to Plaintiff's Texas counsel.

WHEREFORE, Defendant, Halliburton Energy Services, Inc., hereby removes the above-captioned action from the Superior Court of the State of Delaware in and for New Castle County to the United States District Court for the District of Delaware.

**PINCKNEY, HARRIS & WEIDINGER, LLC**

         /s/    Joanne P. Pinckney
Michael A. Weidinger (DE I.D. No. 3330)
Joanne P. Pinckney (DE I.D. No. 3344)
Patricia R. Uhlenbrock (DE I.D. No. 4011)
1220 N. Market Street, Suite 950
Wilmington, DE 19801
Telephone (302) 504-1497
Fax (302) 655-5213

*-and-*

**GODWIN RONQUILLO PC**
**Donald E. Godwin**
*Attorney in Charge, pending pro hac vice admission*
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
fhartley@godwinronquillo.com
Gavin E. Hill

6

ghill@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

*-and-*

R. Alan York
ayork@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**