**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **THE ST. JOE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 1:10-cv-00733** |
| | § | |
| **HALLIBURTON ENERGY SERVICES, INC.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF THE ST. JOE COMPANY'S REPLY
IN SUPPORT OF ITS MOTION TO REMAND**

**PEPPER HAMILTON LLP**

Edmond D. Johnson (Del. Bar. No. 2257)
James G. McMillan, III (Del. Bar No. 3979)
James H.S. Levine (Del. Bar. No. 5355)
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
johnsone@pepperlaw.com
mcmillanj@pepperlaw.com
levinejh@pepperlaw.com

**ATTORNEYS FOR PLAINTIFF
THE ST. JOE COMPANY**

OF COUNSEL:

William A. Brewer III
Michael J. Collins
Kenneth N. Hickox, Jr.
Robert W. Gifford
**BICKEL & BREWER**
1717 Main Street
Suite 4800
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

Dated: September 24, 2010

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | SUMMARY OF REPLY | 1 |
| II. | ARGUMENT AND AUTHORITIES | 3 |
| | A. This Action Should Be Remanded Because Halliburton Had No Right Of Removal Based Upon An Alleged Defense Of Federal Preemption Under The OPA. | 3 |
| | 1. Preemption is an improper basis for removal. | 4 |
| | 2. Even if St. Joe's claims did arise under admiralty, they would not be removable. | 4 |
| | 3. St. Joe's claims arise under state law. | 5 |
| | B. This Action Should Be Remanded Because OCSLA Does Not Provide An Independent Basis For Removal. | 6 |
| | C. St. Joe's Complaint Does Not Implicate Significant Federal Issues That Would Warrant Denial Of Its Motion To Remand. | 7 |
| III. | CONCLUSION | 8 |

**TABLE OF AUTHORITIES**

CASES

*Akins v. Radiator Specialty Co.*, 2006 WL 2850444 (W.D. Pa. Sept. 29, 2006) 3

*A.O. Sherman, LLC v. Bokina*, 2007 WL 2422282 (D. Conn. 2007) 8

*Ballard Shipping Co. v. Beach Shellfish*, 32 F.3d 623 (1st Cir. 1994) 6

*Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1 (2003) 4, 8

*Bennett v. Southwest Airlines Co.*, 484 F.3d 907 (7th Cir. 2007) 8

*Blankenship v. Bridgestone Ams. Holding, Inc.*, 467 F. Supp. 2d 886 (C.D. Ill. 2006) 8

*Bulen v. Hall-Houston Oil Co.*, 953 F. Supp. 141 (E.D. La. 1997) 5, 7

*Cal. v. S.S. Bournemouth*, 307 F. Supp. 922 (C.D. Cal. 1969) 6

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) 2

*Coley v. Dragon, Ltd.*, 138 F.R.D. 460 (E.D. Va. 1990) 5

*Courts v. Accu-Coat Servs., Inc.*, 948 F. Supp. 592 (W.D. La. 1996) 7

*Deuley v. DynCorp Int'l, Inc.*, 588 F. Supp. 2d 539 (D. Del. 2008) 4

*DML Assocs., Inc. v. Matel, Inc.*, 2003 WL 1798559 (D. Del. Apr. 7, 2003) 4

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677 (2006) 8

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983) 2, 4, 8

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g. & Mfg.*, 545 U.S. 308 (2005) 8

*Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473 (1981) 7

*In re Jahre Spray II K/S*, 1996 WL 451315 (D.N.J. Aug. 5, 1996) 6

*In re: the Exxon Valdez*, 270 F.3d 1215 (9th Cir. 2001) 6

*J. Kaz, Inc. v. Brown*, 2010 WL 2024483 (W.D. Pa. May 19, 2010) 8

*Nase v. Teco Energy, Inc.*, 347 F. Supp. 2d 313 (E.D. La. 2004) 7

*Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393 (3d Cir. 2004) 4

*Phillips v. BJ's Wholesale Club, Inc.*, 591 F. Supp. 2d 822 (E.D. Va. 2008) 3

*Rafter v. Stevenson*, 680 F. Supp. 2d 275 (D. Me. 2010) 3

*Rivas v. Energy Partners of Del.*, 2000 WL 127290 (E.D. La. Feb. 1, 2000) 7

*Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959) 5

*Seruntine v. State Farm Fire & Cas. Ins. Co.*, 444 F. Supp. 2d 698 (E.D. La. 2006) 8

*Shelton v. Tidewater, Inc.*, 1990 WL 103658 (E.D. La. July 16, 1990) 7

*South Port Marine, LLC*, 234 F.3d 58 (1st Cir. 2000) 6

*Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150 (5th Cir. 1996) 7

*UMLIC Consol., Inc. v. Spectrum Fin. Servs. Corp.*
665 F. Supp. 2d 528 (W.D.N.C. 2009) 3

*United States v. Locke*, 529 U.S. 89 (2000) 6

*U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383 (3d Cir. 2002) 5

*W. Va. ex rel. McGraw v. Rite Aid of W. Va., Inc.*,
2010 WL 454488 (S.D. W. Va. Feb. 1, 2010) 3

*Yamaha Motor Corp, U.S.A.. v. Calhoun*, 516 U.S. 199 (1996) 6

STATUTES

28 U.S.C. § 1331 1-2, 5

28 U.S.C. § 1441(b) 1-2, 5, 7

28 U.S.C. § 1447(c) 8

33 U.S.C. § 2701, *et. seq.* (OPA") 1, 3-7

43 U.S.C. § 1331, *et. seq.* ("OCSLA") 1-2, 6-7

OCSLA § 1349(b) 7

OCSLA § 1333(a)(2)(A) 7

Plaintiff The St. Joe Company ("St. Joe" or "Plaintiff") respectfully submits its reply in support of its motion to remand, as follows:

**I.**

**SUMMARY OF REPLY**

The conclusion that most clearly emerges from the myriad of ever-changing positions advanced by Halliburton in its various pleadings is that the Court does not have subject matter jurisdiction over this controversy.[1] That being the case, all of Halliburton's arguments in opposition to remand are without merit.

Whether St. Joe's claims for negligence, gross negligence, and strict liability are ultimately held to arise under state law (as they do) or maritime law (as Halliburton erroneously argues) is irrelevant to the remand question before this Court. In neither case was Halliburton entitled to avail itself of federal jurisdiction by removing this action.[2]

Halliburton's removal was predicated on two grounds: (1) that the Oil Pollution Act, 33 U.S.C. § 2701, *et. seq.* ("OPA"), allegedly preempts St. Joe's claims for damages;[3] and (2) that the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et. seq.* ("OCSLA"), purportedly

[1] *See* Defendant's Opening Brief in Support of Its Motion To Dismiss Plaintiff's Complaint, filed Sept. 3, 2001 ("Motion to Dismiss") (D.I. #16), at 5; Plaintiff The St. Joe Company's Response in Opposition to Halliburton's Motion to Dismiss, filed Sept. 20, 2010 ("St. Joe's Response") (D.I. #23), at 1.

[2] Because Halliburton is a Delaware corporation, it could not remove this action based on diversity jurisdiction. *See* Defendant Halliburton Energy Services, Inc.'s Answering Brief in Opposition to Plaintiff's Motion to Remand, filed Sept. 17, 2010 ("Opposition Brief") (D.I. #22), at 1 ("As HESI is a Delaware corporation, removal is proper only on the basis of federal question removal jurisdiction"). Furthermore, St. Joe's claims – whether deemed to arise under state law or maritime (*i.e.*, admiralty) law – do not arise "under the Constitution, treaties, or laws of the United States," as set forth in 28 U.S.C. § 1441(b). *See id.* at 14, n. 17 (Halliburton concedes that any common law maritime claims would not have been entitled to original federal question jurisdiction under 28 U.S.C. § 1331 here.).

[3] *See* Defendant's, Halliburton Energy Services, Inc., [sic] Notice of Removal, filed Aug. 27, 2010 ("Notice of Removal") (D.I. #1), at 3, ¶ 7 ("The OPA preempts certain claims pleaded by Plaintiff that seek recovery of damages that are recoverable exclusively under the OPA."). *Id.* at ¶ 8 ("The Complaint seeks . . . damages preempted by the OPA").

confers federal jurisdiction over St. Joe's claims.[4] However, neither of those arguments constituted a proper basis for removing this action. First, as the United States Supreme Court has repeatedly held, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption;"[5] indeed, removal is improper even if "the federal defense is the only question truly at issue."[6] Second, because OCSLA does not itself create federal claims,[7] Halliburton (which is a Delaware citizen) had no right to remove St. Joe's Delaware state court action under OCSLA.[8]

Try as it might to confuse the issue, Halliburton's fundamental argument is a defensive one – namely, that St. Joe's claims are "preempted" (or "displaced") by federal statutes. As demonstrated herein, that defense, apart from its lack of merit, did not give Halliburton the right to remove this action. Accordingly, St. Joe respectfully requests that its motion to remand be granted, so that its claims (and Halliburton's defenses) may be pursued and adjudicated in a court of appropriate jurisdiction.

---

[4] *Id.* at 4-5, ¶¶ 9-10. Of course, this latter argument by Halliburton contradicts the position taken by Halliburton in virtually dozens of other cases and, in fact, in its Motion to Dismiss filed Sept. 3, 2010, in this case. *See* St. Joe's Response, at 2, n. 5.

[5] *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

[6] *Id.*

[7] *See* Opposition Brief, at 14, n.17 (Halliburton admits that "no federal question removal jurisdiction exists under OCSLA" absent a claim arising "'under the Constitution, treaties, or laws of the United States' for purposes of 28 U.S.C. § 1331.").

[8] 28 U.S.C. § 1441(b) provides: "Any civil action of which the district courts have original jurisdiction founded on a claim arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*" (emphasis added).

## II.

## ARGUMENT AND AUTHORITIES

### A. This Action Should Be Remanded Because Halliburton Had No Right Of Removal Based Upon An Alleged Defense Of Federal Preemption Under The OPA.

Halliburton devotes most of its opposition brief to recasting St. Joe's state law claims as claims arising under maritime (*i.e.* admiralty) law, so that it can then argue that the OPA preempts those purported maritime claims. It is significant that Halliburton's admiralty-based argument is not the theory Halliburton identified in its Notice of Removal – that "the Complaint asserts claims and rights that arise under the laws of the United States, specifically the OPA."[9] The Court should decline to consider this argument. Federal courts hold that defendants "may not use a memorandum to attempt to amend [a] notice of removal to add a basis for removal."[10] In particular, a defendant who has asserted federal question jurisdiction on removal may not raise additional grounds for federal question jurisdiction after the 30-day time for removal has elapsed, as Halliburton has attempted to do in this action.[11]

Apart from the untimeliness of its assertion, there are three flaws to Halliburton's restructured syllogism – each of which is independently fatal to Halliburton's attempt to avoid remand. First, a defense of federal preemption affords no basis for removal. Second, even if St.

---

[9] Notice of Removal, at ¶ 8.

[10] *UMLIC Consol., Inc. v. Spectrum Fin. Servs. Corp.*, 665 F. Supp. 2d 528, 533 (W.D.N.C. 2009) (*citing Griessel v. Mobley*, 554 F. Supp. 2d 597, 606 (M.D.N.C. 2008)); *see also Phillips v. BJ's Wholesale Club, Inc.*, 591 F. Supp. 2d 822, 825 (E.D. Va. 2008); *W. Va. ex rel. McGraw v. Rite Aid of W. Va., Inc.*, 2010 WL 454488, *6 (S.D. W. Va. Feb. 1, 2010).

[11] *See Akins v. Radiator Specialty Co.*, 2006 WL 2850444, *2 (W.D. Pa. Sept. 29, 2006) (holding that the defendant could not add a "new and independent basis for federal question jurisdiction"); *accord Rafter v. Stevenson*, 680 F. Supp. 2d 275, 278 (D. Me. 2010) (holding that a notice of removal that asserted only admiralty and maritime jurisdiction could not be amended to assert federal question jurisdiction).

Joe's claims arose under maritime law, removal would have been improper. Finally, St. Joe's claims arise under state law.

**1. Preemption is an improper basis for removal.**

As St. Joe emphasized in its Motion to Remand, federal defenses such as preemption cannot be the basis for removal.[12] As this Court has recognized, that is so "even if... the defense is the only question truly at issue in the case."[13] Thus, regardless of whether St. Joe's claims arise under the common law or admiralty, Halliburton was wrong to remove the action because its theory in both instances is that the OPA preempts or displaces them. Therefore, Halliburton's admiralty jurisdiction arguments are irrelevant to the issue posed by this Motion to Remand – whether removal was proper. It was not.[14]

**2. Even if St. Joe's claims did arise under admiralty, they would not be removable.**

Even if it were true that St. Joe's claims arise in admiralty – which they do not – Halliburton would not have been permitted to remove this action because it is black-letter law

[12] *See Franchise Tax Bd. of Cal.*, 463 U.S. at 14; *see Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 2 (2003) ("Potential defenses, including a federal statute's pre-emptive effect, do not provide a basis for removal") (*citing Franchise Tax Bd.*); *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399-400 (3d Cir. 2004) ("Nevertheless, potential defenses, even when anticipated in the complaint, are not relevant under the well-pleaded complaint rule"); *Lazorko v. Penn. Hosp.*, 237 F.3d 242, 258 (3d Cir. 2000) ("If, however, the defendant merely has a federal law defense, he may not remove the case, although he may assert the federal defense in state court") (*citing Franchise Tax Bd.*, 463 U.S. at 9-12, and *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

[13] *Deuley v. DynCorp Int'l, Inc.*, 588 F. Supp. 2d 539, 541 (D. Del. 2008) (Sleet, J.) (granting remand because "an anticipated defense based upon federal law does not create subject matter jurisdiction."); *see also DML Assocs., Inc. v. Matel, Inc.*, 2003 WL 1798559, *2 (D. Del. Apr. 7, 2003) (Sleet, J.) (*quoting Franchise Tax Bd.*, 463 U.S. at 14).

[14] It is, of course, instructive to note Halliburton's rendition of the initial "issues" – including "whether Plaintiff's claims arise under admiralty jurisdiction." Opposition Brief, at 1. That, of course, is wrong.

that admiralty claims may not be removed from state court.[15] As such, removal was improper under Halliburton's revised theory, whether or not the OPA preempts claims arising under admiralty jurisdiction (as Halliburton incorrectly asserts).

**3. St. Joe's claims arise under state law.**

St. Joe has chosen to pursue claims and remedies relating to the *Deepwater Horizon* incident that are available to it under applicable state law – regardless of other potential claims it might have asserted. Neither the existence of a maritime claim, nor the availability of remedies in admiralty, preclude the assertion of state law claims relating to the same incident. Thus, Halliburton's maritime-related arguments do nothing to negate the fact that the claims St. Joe has asserted in this action are premised on state common law.

As St. Joe demonstrated in its brief opposing Halliburton's motion to dismiss,[16] St. Joe's claims arise solely under state law and, as such, are not removable pursuant to 28 U.S.C. § 1441(b). The Supreme Court's admiralty jurisprudence consistently holds that state common law causes of action may be asserted together with, or even independently from, claims arising under substantive admiralty law even where the court is exercising its admiralty jurisdiction,

---

[15] *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 368-369 (1959) (holding that admiralty claims do not arise under the Constitution, treaties or laws of the United States for purposes of original federal question jurisdiction under 28 U.S.C. §§1331 or 1441); *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 390 (3d Cir. 2002) ("an admiralty case filed in state court may only be removed if there exists some independent basis for federal jurisdiction, such as diversity of citizenship"); *Coley v. Dragon, Ltd.*, 138 F.R.D. 460, 464 (E.D. Va. 1990) (finding that under *Romero* "it is now clear that, except when there exists some basis for federal jurisdiction other than admiralty, (such as diversity jurisdiction), maritime litigation brought in state courts cannot be removed to federal courts"); *Bulen v. Hall-Houston Oil Co.*, 953 F. Supp. 141, 144-145 (E.D. La. 1997) (remanding case for lack of subject matter jurisdiction and finding that "maritime law claims are not claims arising under the Constitution, treaties or laws of the United States" and that "in a saving to suitors case governed by maritime law, state law claims are not converted into claims arising under the laws of the United States by virtue of OSCLA original jurisdiction").

[16] *See generally*, St. Joe's Response, at 9-12.

with the caveat that such state common law claims must satisfy certain criteria.[17] St. Joe's claims meet that criteria,[18] and indeed, the Supreme Court and circuit courts have consistently held that state law remedies for oil spill damages are not displaced by admiralty law.[19] These courts reject Halliburton's premise that the OPA and general admiralty law preempt common law claims[20] and hold that the OPA's explicit preservation of common law oil spill claims is confirmation that Congress did not intend for admiralty law to supplant such claims.[21]

### B. This Action Should Be Remanded Because OCSLA Does Not Provide An Independent Basis For Removal.

Halliburton does not refute – or even address – the dispositive legal authorities in St. Joe's opening brief that demonstrate Halliburton's removal of St. Joe's claims under OCSLA

---

[17] *See Yamaha Motor Corp, U.S.A.. v. Calhoun*, 516 U.S. 199 (1996); *In re: the Exxon Valdez*, 270 F.3d 1215, 1250-1251 (9th Cir. 2001) (discussing Supreme Court's three-prong test to determine whether federal admiralty law preempts contrary state law).

[18] *See* St. Joe's Response, at 10-11.

[19] *See United States v. Locke*, 529 U.S. 89 (2000) (noting that the Court's prior decision to uphold "state laws imposing liability for pollution caused by oil spills" maintained the "established federal-state balance in matters of maritime commerce between the subjects as to which the States retain concurrent powers and those over which the federal authority displaces state control") (*citing Askew v. Am. Waterways Operators, Inc.*, 411 U.S. 325, 328-329 (1973) (holding that the regulation of oil pollution and the provision of a means to recover economic damages are within the states' police power and are not preempted by federal admiralty law)); *Exxon Valdez*, 270 F.3d at 1252-53 (holding state's "strong interest in protecting its waters and providing remedies for damages resulting from oil spills outweighs the diminished federal interest in achieving interstate harmony…"); *Ballard Shipping Co. v. Beach Shellfish*, 32 F.3d 623, 631 (1st Cir. 1994); *accord In re Jahre Spray II K/S*, 1996 WL 451315, *5 (D.N.J. Aug. 5, 1996) (cited by Halliburton) (implying, in a Limitation Act case brought under admiralty jurisdiction, that "state law, including common law" claims exist for oil pollution).

[20] Halliburton also erroneously argues that because the Extension Act expands admiralty jurisdiction to cover land-based tort injuries, it therefore "conclusively preclude[s]" application of Florida law to St. Joe's claims. Opposition Brief, at 8. That argument has been squarely rejected by the Supreme Court, which ruled that "[t]he Admiralty Extension Act does not pre-empt state law" in actions involving shoreside injuries caused by ships on navigable waters. *See Askew*, 411 U.S. at 344; *see also South Port Marine, LLC*, 234 F.3d 58, 64, n. 1 (1st Cir. 2000); *Cal. v. S.S. Bournemouth*, 307 F. Supp. 922, 925 (C.D. Cal. 1969).

[21] *See, e.g.*, *Ballard Shipping.*, 32 F.3d at 630-31 (holding that OPA provides "compelling evidence" that "Congress does not view…enactment of comparable state oil pollution regimes as an excessive burden on maritime commerce"); *Exxon Valdez*, 270 F.3d at 1252 (*quoting Ballard Shipping*).

was improper.[22] While OCSLA grants *original* jurisdiction to the federal courts, that jurisdiction was not intended to be *exclusive*, and "does not operate to oust a state court from concurrent jurisdiction,"[23] nor does it create a basis for removal absent some claim arising under federal law.[24] Thus, federal question removal jurisdiction does not exist "by virtue of jurisdiction under [OCSLA],"[25] and removal is improper where the Complaint does not present a separate federal question or other basis for removal.[26]

### C. St. Joe's Complaint Does Not Implicate Significant Federal Issues That Would Warrant Denial Of Its Motion To Remand.

Finally, Halliburton argues that remand is inappropriate because the action "implicate[s] significant federal issues" such as OPA and OCSLA.[27] Of course, the Supreme Court has twice

[22] Halliburton spends much of the Opposition Brief arguing what is not disputed: that OCSLA § 1349(b) provides the federal courts with original jurisdiction over mineral exploration and development activities occurring on the outer continental shelf; that, for certain purposes, OCSLA § 1333(a)(2)(A) supplements federal law with non-conflicting laws borrowed from the adjacent state; and that the "adjacent state law" principle does not apply to *Deepwater Horizon* claims because it was a "vessel" and, therefore, not subject to the adjacent state law borrowing provision. However true these statements may be, they do nothing to establish a basis for removal and do not counter the Supreme Court's holding in the *South Port Marine* case that removal is inappropriate.

[23] *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 479, 484 (1981); *see also Id.* at n.6 (making clear that OCSLA § 1333(a)(2) does not confer exclusive jurisdiction to federal courts). To the extent that Halliburton argues that St. Joe's common law claims are subject to admiralty jurisdiction, it is clear that OCSLA's grant of federal jurisdiction does not convert St. Joe's claims into removable federal questions under OCSLA.

[24] *See Bulen*, 953 F. Supp. at 144 (holding that original jurisdiction did not create basis of removal under 28 U.S.C. § 1441(a), (b)).

[25] *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 156 (5th Cir. 1996) (cited by Halliburton).

[26] *See Nase v. Teco Energy, Inc.*, 347 F. Supp. 2d 313, 319-20 (E.D. La. 2004) (remanding action in which OCSLA granted original jurisdiction to federal court because maritime claims do not arise under the laws of the United States); *see also Bulen*, 953 F. Supp. at 145 (OCSLA does not create removal jurisdiction over claim not otherwise presenting federal question); *Courts v. Accu-Coat Servs., Inc.*, 948 F. Supp. 592, 595 (W.D. La. 1996) (remanding non-federal claim); *Rivas v. Energy Partners of Del.*, 2000 WL 127290, at *5 (E.D. La. Feb. 1, 2000) (same); *Shelton v. Tidewater, Inc.*, 1990 WL 103658, at *4 (E.D. La. July 16, 1990) (same).

[27] *See* Opposition Brief, at 19-20.

stated that a defendant may not remove an action based on its assertion of a federal defense.[28] Furthermore, courts routinely caution against reliance on the "significant federal issues" test as a basis for removal jurisdiction, which admonition is particularly appropriate here.[29]

## III.

## CONCLUSION

As demonstrated above, the Court should remand this action because it does not have subject matter jurisdiction. Halliburton should not have removed this action because it did not have a good faith basis to do so.

---

[28] *See Beneficial Nat'l Bank,* 539 U.S. at 2 ("Potential defenses, including a federal statute's pre-emptive effect, do not provide a basis for removal") (*citing Franchise Tax Bd.*, 463 U.S. at 14).

[29] *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g. & Mfg.*, 545 U.S. 308, 318-319 (2005) (cautioning that federal courts must sparingly apply this method of asserting jurisdiction because, for example, "[a] general rule of exercising federal jurisdiction over state claims resting on federal [] and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts"); *see also, Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (declining to "squeeze" a case involving a reimbursement claim stemming from a personal injury action originating in state court into the "slim category that *Grable* exemplifies", and noting that "[i]n sum, *Grable* emphasized that it takes more than a federal element to open the arising under door"); *J. Kaz, Inc. v. Brown*, 2010 WL 2024483, *2-3 (W.D. Pa. May 19, 2010) (declining to transfer a state law claim into a "discrete and costly federal case" on the basis of *Grable*, because plaintiff's state court complaint sounded purely in Pennsylvania abuse of process language and theory); *A.O. Sherman, LLC v. Bokina*, 2007 WL 2422282, *3 (D. Conn. 2007) (declining to follow *Grable* because plaintiff did not need to prove violation of a federal law to establish its prima facie case, defendant's arguments merely raised a federal defense, and plaintiff's claim did not necessarily raise a federal issue); *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007) (declining to remove a cause of action originating from an air crash disaster under *Grable* because "we have a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of federal law"); *Blankenship v. Bridgestone Ams. Holding, Inc.*, 467 F. Supp. 2d 886, 898-899 (C.D. Ill. 2006) (declining to extend *Grable* and holding that "while a discussion of portions of the collective bargaining agreements and a reference to OSHA standards is included in Plaintiff's Complaint as part of their discussion...interpretation of federal law regarding the collective bargaining agreements and OSHA standards is not necessary to establish an element of any of Plaintiff's state law claims"); *Seruntine v. State Farm Fire & Cas. Ins. Co.*, 444 F. Supp. 2d 698, 702-703 (E.D. La. 2006) (failing to extend *Grable* to plaintiff's policy procurement claims and noting that "[s]ince *Grable* was decided, federal courts have repeatedly rebuffed attempts to peg federal jurisdiction on its holding, often because the federal issue allegedly implicated is not disputed and substantial").


For all the foregoing reasons, St. Joe requests that this Court (1) grant St. Joe's motion to remand; and (2) grant St. Joe all other appropriate relief, including costs, expenses, and attorney's fees pursuant to 28 U.S.C. § 1447(c).

DATED: September 24 , 2010

Respectfully submitted,

By: *James G. McMillan, III*
Edmond D. Johnson (No. 2257)
James G. McMillan, III (No. 3979)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

and

William A. Brewer III
Michael J. Collins
Kenneth N. Hickox, Jr.
Robert W. Gifford
Bickel & Brewer
1717 Main Street
Suite 4800
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

**ATTORNEYS FOR PLAINTIFF THE ST. JOE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2010, I caused a copy of ***Plaintiff The St. Joe Company's Reply Brief in Support of its Motion to Remand*** to be electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to the following counsel of record:

Michael A. Weidinger, Esq.
Joanne P. Pinckney, Esq.
Patricia R. Uhlenbrock, Esq.
PINCKNEY, HARRIS & WEIDINGER, LLC
1220 N. Market Street, Suite 930
Wilmington, DE 19801

/s/ James G. McMillan, III
James G. McMillan, III (No. 3979)