## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE ST. JOE COMPANY, | ) |
| | ) |
|     Plaintiff, | ) Civil Action No.: 10-733 (GMS) |
| | ) |
|     v. | ) On removal from the Superior Court of the |
| | ) State of Delaware in and |
| | ) for New Castle County |
| HALLIBURTON ENERGY SERVICES, INC., | ) Civil Action No. 10C-08-032 PLA |
| | ) |
|     Defendant. | ) JURY DEMANDED |
| | ) |

### DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S
### REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING MDL
### TRANSFER RULING

**PINCKNEY, HARRIS & WEIDINGER, LLC**

/s/Michael A. Weidinger
Michael A. Weidinger (DE I.D. No. 3330)
Joanne P. Pinckney (DE I.D. No. 3344)
Patricia R. Uhlenbrock (DE I.D. No. 4011)
PINCKNEY, HARRIS & WEIDINGER, LLC
1220 North Market Street, Suite 950
Wilmington, Delaware 19801
Telephone: (302) 504-1497
Facsimile: (302) 655-5213

*and*

**GODWIN RONQUILLO PC**

**Donald E. Godwin**
***Attorney in Charge, admitted pro hac vice***
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr., admitted *pro hac vice*
bbowman@godwinronquillo.com
Jenny L. Martinez, admitted *pro hac vice*
jmartinez@godwinronquillo.com
Floyd Hartley, admitted *pro hac vice*
fhartley@godwinronquillo.com

Gavin Hill, admitted *pro hac vice*
ghill@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

*-and-*

R. Alan York, admitted *pro hac vice*
ayork@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

September 27, 2010

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

Defendant Halliburton Energy Services, Inc. ("HESI"), respectfully submits this Reply in Support of Its Motion to Stay Pending MDL Panel's Transfer, and shows the Court as follows:

**<u>INTRODUCTION</u>**

1.        In this action, Plaintiff The St. Joe Company ("Plaintiff" or "St. Joe") seeks to bring in Delaware state court what it purports are Florida common law claims arising out of a maritime incident that occurred in federal waters over the Outer Continental Shelf ("OCS") in the Gulf of Mexico.  The incident resulted in the sinking of a vessel, the *Deepwater Horizon*, and the discharge of oil into the Gulf of Mexico (hereinafter, the "*Deepwater Horizon* Incident" or "Incident").

2.        Plaintiff employs its Response in Opposition to the Motion to Stay (the "Opposition"), primarily as a vehicle for reiterating its arguments in favor of a remand,[1] and in doing so, continues to misconstrue HESI's arguments opposing remand of this case and the positions HESI has taken in numerous other cases arising from the *Deepwater Horizon* Incident. Rather than correct St. Joe's errant presentation of the law and HESI's removal arguments, HESI would respectfully point the Court to its Answering Brief in Opposition to Plaintiff's Motion to Remand (the "Opposition to Remand") where HESI's legal arguments and St. Joe's misconstruction of those arguments are clearly set forth.

---

[1] For example, Plaintiff cites the United States Supreme Court's opinion in *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 481 (1981) to support its position that removal was improper because that case held that "nothing inherent in exclusive federal sovereignty over a territory precludes a state court from entertaining a personal injury suit concerning events occurring in the territory and governed by federal law[.]"  Opposition at 7. *Gulf Offshore*, however, does not hold that removal is improper on the basis of the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, *et seq.* ("OCSLA").  To the contrary, it notes that even in cases involving concurrent state and federal jurisdiction under OCSLA, "[t]he plaintiff may choose the available forum he prefers, and *the defendant may remove the case if it could have been brought originally in a federal court*." *Id.* at 484 n. 12. (emphasis added).

1

3.      Of paramount relevance to HESI's Motion to Stay is that Plaintiff's Motion to Remand and HESI's Opposition to Remand present jurisdictional issues similar and/or identical to those raised in numerous other cases and that are likely to be raised in many more.  These issues should be addressed and resolved by a single decision-maker in the interests of judicial economy and consistency.  The MDL panel has identified Judge Barbier of the U.S. District Court for the Eastern District of Louisiana (the "transferee court" or "MDL court") as the arbiter for more than 300 cases arising, like this one, out of the *Deepwater Horizon* Incident consolidated under MDL Order No. 2179.  The issues pertinent to removal or remand should be decided by Judge Barbier so that all such decisions relevant to the *Deepwater Horizon* Incident will be determined in a consistent manner.  This is not just a theoretical concern.  Indeed, at least one other federal court—in a *Deepwater Horizon* case remarkably similar to this case—has already denied a plaintiff's motion to remand, *rejecting the precise argument that St. Joe now urges this Court to adopt*.  That case, and the contrary argument advanced here by St. Joe, clearly demonstrate the potential for inconsistent determinations on similar legal issues arising out of the *Deepwater Horizon* cases.  One of the purposes of MDL proceedings is to avoid just such inconsistent results.  By staying this case until the MDL panel makes a determination as to whether it should be consolidated in the transferee court, the Court will permit the MDL process to work as it was intended by allowing Judge Barbier to provide a consistent ruling on the jurisdictional issues raised regarding removal.

## ARGUMENT

**A.      The Complexity and Ubiquity of the Remand Issues Demonstrate That a Stay Would Promote Judicial Economy and Consistency.**

4.      Because this case presents factually and legally complex jurisdictional questions and because similar questions have been raised in other cases arising from the *Deepwater*

*Horizon* Incident, this Court should stay the proceedings in this case pending transfer to the MDL court. *See Conroy v. Fresh Del Monte Produce Inc.,* 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) (In deciding whether to rule on a motion to stay when a motion to remand is pending, "if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action.").[2]

5.    Plaintiff's Motion to Remand and the briefing on that motion implicate jurisdictional questions related to admiralty law, the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.* ("OPA"), and numerous provisions of OCSLA.  Plaintiff oversimplifies these complex issues by misconstruing HESI's arguments against remand.  Specifically, notwithstanding HESI's prior briefing in support of its motion to dismiss and in opposition to St. Joe's motion to remand, Plaintiff continues to mischaracterize HESI's argument as asserting that OPA preempts Plaintiff's state law claims.  This is not correct.  In its Opposition to Remand, HESI demonstrated that it is not a state law preemption question, but that Plaintiff does not have any state law claims because its claims arise under maritime law, as Plaintiff concedes in its Motion to Remand.[3]  When maritime law applies, it normally ousts state law from its own application.  *See E. River S.S. Corp. v. Transamerica Delaval Inc.,* 476 U.S. 858, 864 (1986) ("With admiralty jurisdiction comes the application of substantive admiralty law").  Therefore, Plaintiff has no state law claims.

---

[2] The *Conroy* court denied the motion to stay because a stay would have been "judicially inefficient" under the circumstances of that case, which included the court's conclusion, after engaging in preliminary scrutiny of the merits of the motion to remand, that removal was improper.  325 F. Supp. 2d at 1053-1054.  Those circumstances to do not exist in this case.

[3] Plaintiff's Opening Brief in Support of Its Motion To Remand, p. 17 (noting that "[HESI] has already conceded in other actions that its conduct and the resulting tort claims are maritime in nature."); p. 19, n. 69 (maintaining that HESI "conced[ed] that 'maritime law applies of its own force to alleged torts arising out of the [Incident]").

6.      Relevant for removal purposes, OPA displaces or preempts Plaintiff's *maritime law* claims because those claims seek compensation for damages of the kind provided for by OPA.  *See Gabarick v. Laurin Mar. (Am.) Inc.,* 623 F. Supp. 2d 741, 750-51 (E.D. La. 2009) ("OPA preempts general maritime law claims that are recoverable under OPA" and "all [general maritime law] claims that are recoverable under OPA, specifically those covered damages enumerated in 33 U.S.C. § 3702, are preempted by OPA.").[4]  Further, removal was proper because OPA, Plaintiff's sole remedy for the damages it alleges, provides federal question jurisdiction.  *See Leboeuf v. Texaco,* 9 F. Supp. 2d 661, 663-65 (E.D. La. 1998) (acknowledging that an OPA claim presents a federal question and would be removable under 28 U.S.C. § 1441(b)).  Finally, in addition or in the alternative, OCSLA provides removal jurisdiction in some cases that arise from mineral exploration, development and production activities on the Outer Continental Shelf.  The complexity of these arguments weighs strongly in favor of granting HESI's Motion to Stay to allow the MDL court to address these issues and decide them consistently.

7.      Indeed, the transferee court has already begun to consider some of the complex issues implicated in this case.  While more motions to remand undoubtedly will be submitted to the transferee court, five remand cases have already been submitted to it asking the court to consider, among other things, whether OCSLA provides removal jurisdiction given that the *Deepwater Horizon* Incident occurred in federal waters over the Outer Continental Shelf.  In four

---

[4] Perhaps the most convincing evidence of the complexity of these issues is Plaintiff's continuing misconstruction of HESI's arguments against remand to mean that OPA preempts Plaintiff's state law claims.  *See* Plaintiff's Response in Opposition to [HESI's] Motion to Stay at p. 6 ("[HESI] cannot cite to a *single* authority or statutory provision which supports its position that the OPA . . . preempts all state law claims.")  As is demonstrated above, HESI does not make that argument; neither has it made that argument in any of its other pleadings in the litigation resulting from the *Deepwater Horizon* Incident.

of those cases, the plaintiffs, like Plaintiff here, attempt to bring purely state law claims against

defendants arising out of alleged conduct occurring exclusively on federal waters over the Outer

Continental Shelf.[5]  In the fifth remand case, the plaintiff argues, like Plaintiff here, that removal

was improper because OCSLA does not apply to vessels.

        8.      Plaintiff, predictably, ignores the substantial similarities between this case and the

five remand cases before the MDL court by pointing out the lack of complete identity of the

issues presented by these cases.  *See* Opposition at 9 (emphasizing that "each of those motions

present [sic] issues distinct from those now before this Court").  Of course, courts do not require

complete identity of the issues before deciding to grant a stay pending transfer.  Instead, they

require that the issues are similar such that a stay would prevent inconsistent rulings and promote

judicial efficiency.  *See Nekritz v. Canary Capital Partners, LLC*, 2004 U.S. Dist. LEXIS 12473,

*6-7 (D.N.J. Jan. 12, 2004) (noting that "if no other cases were likely to present similar remand

issues to a transferee court, judicial economy would not be served by postponing a decision on

remand because a transferee court would not be in a position to resolve several motions by

deciding one set of legal issues").  Clearly, this case presents removal questions similar or

identical to the issues raised in cases already before the MDL court.[6]

---

[5] *See In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20,
2010,* Nos. 2:10-cv-1674, 2:10-cv-1757, 2:10-cv-1758, 2:10-cv-1759, and 2:10-cv-1760,
attached hereto as Exhibits A through E.

[6] By contrast, in *Luce v. A.W. Chesteron Co.,* a case cited by Plaintiff, the court denied a motion
to stay in part because "issues presented [in the motion to remand] are not issues likely to be
commonly present in actions pending before the transferee court" and a stay, therefore, "would
not appear to conserve judicial resources."  2010 U.S. Dist. LEXIS 28920, *5 (N.D. Cal. Mar 2,
2010).  Plaintiff's reliance on *Madden v. A.H. Voss. Co.,* 2009 U.S. Dist. LEXIS 101680, *4
(N.D. Cal. Oct. 21, 2009), is similarly misplaced because in that case the party moving for a stay
pending transfer to the MDL court did not argue that the pending motion to remand even raised
issues likely to arise in other cases before the MDL court.

9.      Moreover, in all likelihood, additional cases yet to be transferred will continue to raise the very questions presented by this case; namely, removability under OCSLA and OPA where the plaintiffs attempt to bring state law claims arising from the *Deepwater Horizon* Incident over the Outer Continental Shelf. *See Nekritz,* 2004 U.S. Dist. LEXIS 12473 at *6-7 (deciding that "judicial economy will best be served by leaving the remand motion to the transferee court" because "the removed [cases] involve at least broadly similar factual allegations" and, therefore, "a transferee court will have to address jurisdictional issues closely resembling those [involved in the present case]"); *see also In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990) (concluding that both consistency and judicial economy are best served by a transfer to the MDL court despite a pending jurisdictional motion where "[t]he jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts" and where that issue "involves common questions of law and fact" because "[o]nce transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course"); *Boudreaux v. Metro. Life Ins. Co.,* 1995 U.S. Dist. LEXIS 2656, at *3-*4 (E.D. La. Feb. 24, 1995) (noting that judicial economy would be best served by issuing a stay if issues involved in a motion to remand are likely to arise in cases that have been or will be transferred).

10.      Indeed, one federal district court has already ruled on the jurisdictional issues presented in a case remarkably similar to this case. *See Phillips v. BP PLC, et al.,* No. 4:10-cv-259 (N.D. Fla. Aug. 17, 2010).  In *Phillips*, just like in the present case, a land-based plaintiff brought claims under Florida law in state court alleging diminution of property value as a result of the *Deepwater Horizon* Incident.  The defendants also removed on the basis of OCSLA and OPA.  The court did not address the OPA basis for removal.  However, it denied the plaintiff's motion to remand, concluding that: "As a matter of plain English, [OCSLA's] § 1349(b)(1)

6

provides federal jurisdiction over the plaintiff's claim, because the claim arises out of, and is connected with, the *Deepwater Horizon's* oil-related operations on the continental shelf.  That begins and ends the proper analysis of the jurisdictional issue as presented in this case."[7]  True and correct copies of that court's order and the notice of removal are attached hereto as Exhibits F and G.  In contrast, St. Joe is urging this Court to adopt the exact opposite of the position adopted by the court in *Phillips*; namely, that OCSLA does not "create federal question jurisdiction over all claims which arise in connection with oil spills on the outer continental shelf[.]"[8]

11.    The *Phillips* case demonstrates that there is more than just an academic or theoretical danger of inconsistent rulings.  It also demonstrates precisely why cases arising from the *Deepwater Horizon* Incident have been consolidated in the MDL court.  There is a very real potential for inconsistent legal determinations regarding similar issues across the numerous cases arising out of the same Incident.  Accordingly, in the interests of judicial economy and consistency, this case should be stayed pending its eventual transfer to the MDL court where that court will determine these common questions relating to removal jurisdiction in a consistent manner.

**B.    A Stay Would Not Prejudice Plaintiff.**

12.    Plaintiff overstates the prejudice it would experience as a result of a stay of this case.  It contends that "there is often a 'lag time of at least three or four months' until [the MDL

---

[7] Notably, the *Phillips* court found federal question removal jurisdiction under OCSLA on the basis of the statute's exclusive grant of original jurisdiction, without regard to whether maritime law or state law (via the adjacent state law provision) is the substantive law governing the claims.

[8] Opposition at p. 6.

panel] can issue a transfer order."[9]  However, transferee courts endeavor to make determinations

on motions to remand quickly to avoid prejudice to the non-moving party.  *See In re Asbestos*

*Prods. Liab. Litig. v. Int'l Paper Co.*, 170 F. Supp. 2d 1348, 1350 (J.P.M.L. 2001) (noting that

"the fact remains that whenever the transferee judge has deemed remand of any claims or actions

appropriate, procedures have been utilized to accomplish . . . remand for trial with a minimum of

delay").

        13.     The MDL court has plainly demonstrated its preference for ruling on motions for

remand with a minimum of delay.  Just two days after the initial Transfer Order, in his Pretrial

Order No. 3 ("PTO 3"), Judge Barbier set for hearing the five pending motions to remand among

the transferred cases on the date of the initial pretrial conference, September 16, 2010.[10]

Plaintiff, however, laments that "only a handful of pretrial motions . . . have even been scheduled

for submission to the court"[11] but neglects to acknowledge that those scheduled motions include

the motions to remand.  Thus, the MDL court's demonstrated practice of considering motions to

remand as soon as possible belies Plaintiff's argument that it stands to incur substantial prejudice

if this case is stayed pending transfer to the MDL court.

**C.     Denying the Motion to Stay Will Result in Hardship and Inequity to HESI.**

        14.     If the Motion to Stay is denied, HESI would suffer prejudice by having to make

its removal jurisdiction arguments in numerous courts.  *See Nielsen v. Merck & Co.,* 2007 U.S.

---

[9] Opposition at p. 4, quoting *In re Asbestos Prods. Liab. Litig.,* 170 F. Supp. 2d 1348, n.1
(J.P.M.L. 2001) (providing further that this "lag time of three or four months" spanned the time
"from the filing of an action, its identification as a potential tag-along action, issuance of a
conditional transfer order, issuance of a conditional transfer order, stay of transfer when a party
timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing
session, and the issuance of the Panel's subsequent order.")

[10] A copy of PTO 3 is attached hereto as Exhibit H.  The MDL court subsequently entered an
amendment to PTO 3, moving the date of the hearing to September 16, 2010.

[11] Opposition at p. 4, n. 11.

Dist. LEXIS 21250, *4-7 (N.D. Cal. Mar. 15, 2007) (noting that "absent a stay, Merck would

suffer prejudice from being forced to litigate the same jurisdictional issues in multiple forums").

Further, as HESI has already stated, the complexity of these arguments could result in

inconsistent rulings if these issues are determined in multiple courts.

15.     Normally, when considering a motion to stay pending transfer to the MDL court,

a court should weigh the judicial economy achieved and the prejudice to the moving party

avoided by the stay against the harm to the non-moving party.  *Meyers v. Bayer AG,* 143 F.

Supp. 2d 1044, 1049 (E.D. Wis. 2001) (determining that a stay motion "will generally require

weighing the judicial economy gained and hardship to the moving party avoided by granting the

stay against the harm to the non-moving party").  In this case, given the complexity of the

jurisdictional issues and the likelihood that they will be implicated in numerous cases, a stay

would achieve substantial judicial economy.  Further, a stay would ensure that HESI would not

have to litigate similar or identical jurisdictional issues in multiple courts and would prevent the

undesirable outcome of inconsistent rulings on similar or identical jurisdictional issues.  By

contrast, a stay of this case would result in negligible inconvenience to Plaintiff, given the MDL

court's demonstrated practice of addressing motions to remand with a minimum of delay after

transfer.

### CONCLUSION

16.     For the foregoing reasons, HESI respectfully requests that this Court enter an

order staying all proceedings in this case pending the MDL panel's decision as to whether to

transfer this case to the MDL court for coordinated pretrial proceedings, without prejudice to the

rights of any party to file a motion for leave in the case of an emergency or other exceptional

circumstances, or to seek an extension of the stay.

Respectfully submitted,

**PINCKNEY, HARRIS & WEIDINGER, LLC**

/s/Michael A. Weidinger
Michael A. Weidinger (DE I.D. No. 3330)
Joanne P. Pinckney (DE I.D. No. 3344)
Patricia R. Uhlenbrock (DE I.D. No. 4011)
PINCKNEY, HARRIS & WEIDINGER, LLC
1220 North Market Street, Suite 950
Wilmington, Delaware  19801
Telephone: (302) 504-1497
Facsimile: (302) 655-5213

*and*

**GODWIN RONQUILLO PC**

**Donald E. Godwin**
***Attorney in Charge, admitted pro hac vice***
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr., admitted *pro hac vice*
bbowman@godwinronquillo.com
Jenny L. Martinez, admitted *pro hac vice*
jmartinez@godwinronquillo.com
Floyd Hartley, admitted *pro hac vice*
fhartley@godwinronquillo.com
Gavin Hill, admitted *pro hac vice*
ghill@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

*-and-*

R. Alan York, admitted *pro hac vice*
ayork@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
September 27, 2010          Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**